## COMMONWEALTH *versus* ELIJAH HUBBARD.

An indictment founded on *St.* 1834, *c.* 184, for a rescue of cattle, alleged that a field-driver took up the cattle in a *town way*, they not being under the care of a keeper, and having them in his custody and being about to restrain them in the town pound for going at large in the *said highway* without a keeper, the defendant rescued them. *Held*, that the allegations were not repugnant, *highway* being a general term in which *town way* is comprehended, and *said* highway necessarily referring to the town way before mentioned.

An annual town meeting for the choice of town officers was held in March and adjourned to a day in April, and in the intervening period a statute was passed, repealing previous statutes relating to field-drivers, and enacting that at the annual meeting for the choice of town officers, in each town, two or more persons should be chosen for field-drivers. *Held*, that a field-driver chosen at such adjourned meeting in April was duly chosen.

THIS was an indictment alleging that one Paul H. Noble, a field-driver, legally appointed and qualified by law to act as such within the town of Sheffield, on the 30th of April, 1834, at Sheffield, "took up, on the town way in said Sheffield, leading from the dwellinghouse of said Paul H. Noble to the schoolhouse on the same way, two cows and two steers, the same being neat cattle, and not being under the care of a keeper, and the said Paul H. Noble having the same two cows and two steers in his custody, and being about to restrain them in the town pound in said Sheffield for going at large in the said highway without a keeper, that Elijah Hubbard of said Sheffield, yeoman, then and there and whilst the said Paul H. Noble was so about to impound said two cows and two steers as aforesaid, viz. on &c. at &c. with force and arms did unlawfully rescue said two cows and two steers from and out of the custody of the said Paul H. Noble, and did then and there unlawfully take, lead and drive away the same, to the great damage of said Paul H. Noble, against the peace, &c. and contrary to the form of the statute," &c.

The defendant pleaded *not guilty*.

Upon the trial, in the Common Pleas, before *Williams* J., the district attorney, to prove that Noble was duly elected to the office of field-driver, offered in evidence the records of the proceedings of the inhabitants of Sheffield at a town meeting for the choice of town officers and other purposes, held, pursuant to a warrant, on the 3d of March, 1834, and by adjournment, on the 7th of April, 1834. The counsel for the defendant contended, that by those records it did not appear that Noble was legally chosen to the office of field-driver ; but the court instructed the jury, that the supposed election appeared by the records, to be legal and valid.

It was proved that the oath required by law to be taken by field-drivers, was administered to Noble, by the town clerk, after the election and before the cattle were taken by Noble.

Evidence was offered tending to prove, that the cattle were taken by Noble on the 30th of April, 1834, while they were going at large in the road and not under the care of a keeper. There was no evidence that the cattle were turned into the highway by the defendant, who was the owner of them, or that he knew that they were in the highway, or that any servant or agent of the defendant, or any person for him or in his behalf, had the care of the cattle as a keeper thereof, or knew that they were in the highway when they were so taken by Noble. The counsel for the defendant contended, that if the cattle had recently escaped from the defendant's land, without his agency or knowledge, they were not liable by law to be taken and impounded, and the taking and impounding would, in such case, be illegal ; but the court instructed the jury, that if the cattle were, at the time when Noble found and took them, going at large in the highway, and not under the care of a keeper, the field-driver was lawfully authorized to take and impound them, though they might have recently escaped from the defendant's close without his agency or knowledge.

Evidence was also offered tending to prove that, after Noble had taken the cattle for the purpose of impounding them, pursuant to the statute, and while he was driving them to the town pound, the defendant overtook him and drove the cattle away from his possession and custody, without his consent, against

his will, and contrary to his express prohibition and peaceable endeavours to prevent it.

The defendant was convicted. He excepted to the instructions of the court.

The defendant also moved in arrest of judgment, because the indictment charges that the cattle were taken up in a *town way* for going at large in the said *highway*, which is justifying a taking in a town way for a going at large in a highway ; which is inconsecutive and repugnant.

*Dwight* and *Hubbard*, for the defendant, insisted that no lawful cause for taking the cattle was alleged, it not being averred that they were found going at large, not under the care of a keeper. *St.* 1834, *c.* 184, § 4. If the taking was not lawful, the owner might retake them out of the officer's hands. To convict the defendant, it ought to appear that he consented to the cattle's going at large.

Noble was not duly elected a field-driver. He was chosen at a town meeting held, on the 7th of April, by adjournment from the 3d of March, but in the intervening period the *St.* 1834, *c.* 184, was passed, repealing the previous statutes relating to field-drivers, and so far as concerns field-drivers the warrant for this town meeting expired with the statute under which it was issued, and a town meeting for the choice of a field-driver, could not afterwards be held except upon a warrant issued under the new statute.

Judgment must be arrested. The simple fact, that the cattle were in the road, was not an offence, and the circumstances rendering it an offence ought to be set forth in the indictment. *Lambert* v. *The People*, 9 Cowen, 578. It is not alleged in this indictment that the cattle were taken up where they were found without a keeper, but the contrary is averred for *town way* and *highway* are not synonymous. *St.* 1786 *c.* 67, and *c.* 81.

*C. A. Dewey*, District Attorney, to the point that Noble was duly elected a field-driver, referred to *St.* 1834, *c.* 184, § 3 ; which provides, " that there shall be chosen, at the annual meeting for the choice of town officers, in each town, two or more persons for field-drivers, who shall be sworn to the faithful performance of their trust."

In support of the indictment, he cited 3 Chit. Crim. Law, 1, c. 13 ; Co. Lit. 56 a. ; St. 1811, c. 177 ; *Jones* v. *Andover*, 6 Pick. 60.

*Per Curiam.* We have no doubt the indictment is good. Though drawn with unusual brevity, yet it is sufficiently accurate and contains all the necessary allegations, to bring the offence within the statute of 1834, c. 184. The cause of the distress is sufficiently set forth. It is alleged, that certain neat cattle were taken up on the *town way*, not being under the care of a keeper, and were about to be restrained in the town pound, for going at large in the *said highway* without a keeper. This brings the case substantially within the provisions of the fourth section. The change of the expression from *town way* into *highway*, implies no absurdity or contradiction. Every town way is a highway for most purposes, and may be described as such in an indictment. Although *highway* is a more comprehensive term than town way, yet the *said highway* must necessarily refer to the town way before mentioned, and means the same thing.

The only question which has been argued upon the exceptions turns upon the legality of the election of the field-driver. And of this we entertain no doubt. During the continuance of the annual meeting, whether upon the first day or at any subsequent adjournment, the town had a right to increase the number of its officers by electing additional ones, provided it did not exceed the limit fixed by law. There is nothing which re quires all the field-drivers, or all of any other description of officers, to be elected on the first day, but the town has a discretion as to the number it will elect, and the order and time when it will elect its officers. The field-driver was duly sworn before the proper officer to administer such oaths ; and was legally chosen and qualified to perform the duties of that office.

*Exceptions and motion in arrest overruled. Judgment of C. C. P. affirmed.*